UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

PHILLIP SULLIVAN, JR.,
*on behalf of himself and all others similarly situated,*

        Plaintiff,

-against-

INTERNATIONAL FOODSERVICE MANUFACTURERS ASSOCIATION,

        Defendant.

Case No.:

**CLASS ACTION COMPLAINT**

Plaintiff, PHILLIP SULLIVAN, JR. (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through Plaintiff's undersigned attorney, hereby files this Class Action Complaint against Defendant INTERNATIONAL FOODSERVICE MANUFACTURERS ASSOCIATION (hereinafter "Defendant") and states as follows:

## INTRODUCTION

1. This class action seeks to remedy civil rights violations committed by Defendant against Plaintiff and disabled individuals in Illinois State and across the United States. Defendant is denying deaf and hard-of-hearing individuals throughout the United States equal access to the goods and services that is provided to non-disabled individuals through https://www.ifmaworld.com/ (hereinafter the "Website"). Defendant provides a wide array of goods and services to the public through its Website. However, the Website contains access barriers that make it difficult, if not impossible, for deaf and hard-of-hearing users to fully use the Website. In fact, the access barriers make it impossible for deaf and hard-of-hearing users to comprehend the audio portion of certain videos that are posted on the Website. Defendant thus excludes deaf and hard-of-hearing individuals from the full and equal participation in the

growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive technology is becoming an increasingly prominent part of everyday life, allowing deaf and hard-of-hearing people to fully and independently access a variety of goods and services, including online videos.

2. Plaintiff is a deaf individual. He brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, deaf and hard-of-hearing people.

3. Approximately 12 million people in the United States are deaf or hard-of-hearing. Many of these individuals require captioning to meaningfully comprehend the audio portion of video content. Just as buildings without ramps bar people who use wheelchairs, video content without captions excludes deaf and hard-of-hearing individuals. Closed captioning is a viewer-activated system that displays text on, for instance, online videos, television programming, or DVD movies. This is different from open captioning or subtitles, which are burned into the video file and automatically displayed for everyone to see, such as subtitles in foreign language movies. With closed captioning, deaf and hard-of-hearing individuals have the opportunity to watch videos by reading the captioned text.

4. Deaf and hard-of-hearing people watch videos just as aurally capable people do. The lack of closed captioning means that deaf and hard-of-hearing people are excluded from the rapidly expanding Internet media industry and from independently accessing videos posted on the Website.

5. Despite readily available accessible technology, such as the technology in use at other heavily trafficked websites, which makes use of closed captioning for hard-of-hearing

individuals, such as YouTube and Netflix, Defendant has chosen to post videos without closed captioning, or with limited closed captioning, resulting in videos that are inaccessible to deaf and hard-of-hearing individuals. Without closed captioning, deaf and hard-of-hearing people cannot comprehend the audio portion of the videos on the Website.

6. By failing to make the Website accessible to deaf and hard-of-hearing persons, Defendant is violating basic equal access requirements under federal law.

7. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to deaf and hard-of-hearing individuals.

8. Plaintiff browsed and intended to watch the "IFMA Membership: What's in it for you?", "COEX 2017 Innovation Aware Video- Arby's", "COEX 2017 Innovation Award Video- Granite City Food & Brewery" and "Sam Facchini & John Arena, Metro Pizza" videos on the Website most recently in July 2019. These videos are found on the Website and located at:

(a) https://www.ifmaworld.com/membership-benefits/

(b) https://videos.ifmaworld.com/coex-2017-innovation-award-video-arbys

(c) https://videos.ifmaworld.com/coex-2017-innovation-award-video-granite-city

(d) https://www.ifmaworld.com/fresh-on-ifma/watch-the-stories-of-the-2019-silver-plate-class/

However, unless Defendant remedies the numerous access barriers on the Website, Plaintiff and Class members will continue to be unable to independently watch videos on the Website.

9. This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal law, to include monitoring of such measures, and to update and remove accessibility barriers on the Website to conform to WCAG 2.1 A and AA Standards so that Plaintiff and proposed Class and Subclass individuals who are deaf and hard-of-hearing will be able to independently and privately view videos posted on the Website. This complaint also seeks compensatory damages to compensate Plaintiff and Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction of this action pursuant to:

(a) 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

(b) 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

11. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a). Defendant is subject to personal jurisdiction in the Northern District of Illinois based on the principal place of business of Defendant. Defendant is registered to do

business in the State of Illinois and has been doing business in the State of Illinois. The Trade Association (hereinafter the Trade Association) is owned by Defendant and is located in the State of Illinois. Defendant also has been and is committing the acts alleged herein Illinois State, has been and is violating the rights of consumers in Illinois State, and has been is causing injury to consumers in Illinois State.

## PARTIES

12. Plaintiff is and has been at all times material hereto a resident of New York County, New York.

13. Plaintiff is legally deaf and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*. Plaintiff cannot access the audio portion of a video without the assistance of closed captioning. Plaintiff has been denied the full enjoyment of the facilities, goods, and services of the Website, as a result of its accessibility barriers. Most recently in July 2019, Plaintiff attempted to watch the videos "IFMA Membership: What's in it for you?", "COEX 2017 Innovation Aware Video- Arby's", "COEX 2017 Innovation Award Video- Granite City Food & Brewery" and "Sam Facchini & John Arena, Metro Pizza" on the Website but could not comprehend the content of the videos due to their lack of closed captioning. The inaccessibility of the Website has deterred him and other Class members from watching videos on the Website.

14. The following videos on the website are inaccessible to deaf and hard-of-hearing individuals:

    (a) https://www.ifmaworld.com/membership-benefits/

    (b) https://videos.ifmaworld.com/coex-2017-innovation-award-video-arbys

  (c) https://videos.ifmaworld.com/coex-2017-innovation-award-video-granite-city

  (d) https://www.ifmaworld.com/fresh-on-ifma/watch-the-stories-of-the-2019-silver-plate-class/

15. Defendant is a not-for-profit corporation organized under the laws of the State of Illinois with a registered office located at 180 N Stetson Avenue, STE 850, Chicago, Illinois 60601.

16. Defendant owns and operates the Trade Association, which is a place of public accommodation. The Trade Association provides to the public important goods and services, such as networking events. Through its Website, Defendant markets, and provides access to, its goods and services offered to the public by Defendant. The inaccessibility of the Website has deterred Plaintiff from fully comprehending the scope of Defendant's business and opportunities, as offered through the Website.

17. The failure of Defendant to provide equal access to millions of deaf and hard-of-hearing individuals violates the mandate of the ADA to provide "full and equal enjoyment" of a public accommodation's goods, services, facilities, and privileges. Places of public accommodation include, "place[s] of exhibition and entertainment," "places[s] of recreation," and "service establishments." 28 C.F.R. § 36.201 (a); 42 U.S.C. §12181 (7). Because the Website is a "place of public accommodation," denial of equal access to the videos available to hearing individuals violates the ADA. Remedying that violation is critical to the ADA's goal of providing people with disabilities the same access that others take for granted. Accordingly, Plaintiff seeks injunctive and declaratory relief to ensure that deaf and individuals who are hard-of-hearing have equal access to the Website.

18. Plaintiff, on behalf of himself and all others similarly situated, seeks full and equal access to the goods and services provided by Defendant through the Website.

## CLASS ACTION ALLEGATIONS

19. Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally deaf and hard-of-hearing individuals in the United States who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by the Website during the relevant statutory period."

20. Plaintiff seeks certification of the following Illinois subclass pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally deaf and hard-of-hearing individuals in Illinois State who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by the Website, during the relevant statutory period."

21. There are approximately 36 million people in the United States who are deaf or hard-of-hearing. Thus, the persons in the Class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

22. This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying deaf and hard-of-hearing persons access to the goods and services of the Website. Due to Defendant's policy and practice of failing to remove access barriers, deaf and hard-of-hearing persons have been and are being denied full and equal access to independently browse and watch videos on the Website.

23. There are common questions of law and fact common to the class, including without limitation, the following:

    (a) Whether the Website is a "public accommodation" under the ADA; and

    (b) Whether Defendant through the Website denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with hearing disabilities in violation of the ADA.

24. The claims of the named Plaintiff are typical of those of the Class. The Class, similarly to the Plaintiff, are deaf or hard of hearing, and claim that Defendant has violated the ADA by failing to update or remove access barriers on the Website, so that it could be independently accessible to the Class of people who are legally deaf or hard-of-hearing.

25. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the Class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

26. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

27. Judicial economy will be served by maintenance of this lawsuit as a class action in that it will avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with hearing disabilities throughout the United States.

28. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the Class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

29. Defendant operates the Website, which provides videos, information, and tutorials on a variety of topics related to the food industry. It delivers initiatives in the form of insights and programs to people and businesses across the United States.

30. Defendant operates the Trade Association, an organization focused on providing its members with current and up-to-date information and resources with several events located across the United States that are accessible to the public as well as frequently hosted webinars. Future events are to be held in Chicago, Illinois on various occasions, such as:

(a) "Gold & Silver Plate Awards Celebration" in May 16, 2020

(b) "Marketing & Sales Conference" in August 6-7, 2019

31. The Website is a service and benefit offered by Defendant throughout the United States. The Website is owned, controlled and/or operated by Defendant.

32. The Website allows the user to watch videos, news and articles from Defendant's foodservice network as well as browse videos, photos and information relating to everything that has to do with the food industry. Defendant's videos are available with the click of a mouse and are played through the Internet on computers, cell phones, and other electronic devices.

33. This case arises out of Defendant's policy and practice of denying the deaf and hard-of-hearing access to the Website, including the goods and services offered by Defendant through the Website. Due to Defendant's failure and refusal to remove access barriers to the Website, deaf and hard-of-hearing individuals have been and are being denied equal access to the Website, as well as to the numerous goods, services and benefits offered to the public through the Website.

34. Defendant denies the deaf and hard-of-hearing access to goods, services, and information made available through the Website by preventing them from freely enjoying, interpreting, and understanding the content on the Website.

35. The Internet has become a significant source of information for conducting business and for doing everyday activities such as reading news, watching videos, etc., for deaf and hard-of-hearing persons.

36. The deaf and hard-of-hearing access videos through closed captioning, which is a transcription or translation of the audio portion of a video as it occurs, sometimes including descriptions of non-speech elements. Except for a deaf or hard-of-hearing person whose residual hearing is still sufficient to apprehend the audio portion of the video, closed captioning provides the only method by which a deaf or hard-of-hearing person can independently access the video. Unless websites are designed to allow for use in this manner, deaf and hard-of-hearing persons are unable to fully access the service provided through the videos on the Website.

37. There are well-established guidelines for making websites accessible to disabled people. These guidelines have been in place for several years and have been followed successfully by other large business entities in making their websites accessible. The Web

Accessibility Initiative ("WAI"), a project of the World Wide Web Consortium that is the leading standards organization of the Web, has developed guidelines for website accessibility, called the Web Content Accessibility Guidelines ("WCAG"). The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including but not limited to adding closed captioning to video content.

38. The Website contains access barriers that prevent free and full use by Plaintiff and other deaf or hard-of-hearing people, including but not limited to the lack of closed captioning. This barrier is in violation of WCAG 2.1 Guideline 1.2.2, which mandates that video content contain captioning.

39. Due to the Website's inaccessibility, Plaintiff and Class members cannot access the audio portion of the videos offered by Defendant. Some deaf and hard-of-hearing individuals may require an interpreter to apprehend the audio portion of the video or require assistance from their friends or family. By contrast, if the Website was accessible, a deaf or hard-of-hearing person could independently watch the videos and enjoy the services provided by Defendant as hearing individuals can and do.

40. The Website thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use the Website and who would otherwise be able to fully and equally enjoy the benefits and services of the Website.

41. Plaintiff attempted to watch the videos "IFMA Membership: What's in it for you?", "COEX 2017 Innovation Aware Video- Arby's", "COEX 2017 Innovation Award Video- Granite City Food & Brewery" and "Sam Facchini & John Arena, Metro Pizza" on the

website but was unable to do so independently because of the lack of closed captioning on the Website, causing them to be inaccessible to Plaintiff because of his disability, thus preventing them from learning about Defendant's products and services. The videos are found on the Website and located at:

    (a)    https://www.ifmaworld.com/membership-benefits/

    (b)    https://videos.ifmaworld.com/coex-2017-innovation-award-video-arbys

    (c)    https://videos.ifmaworld.com/coex-2017-innovation-award-video-granite-city

    (d)    https://www.ifmaworld.com/fresh-on-ifma/watch-the-stories-of-the-2019-silver-plate-class/

42. As described above, Plaintiff has actual knowledge of the fact that the Website contains access barriers causing the Website to be inaccessible, and not independently usable by, deaf and hard-of-hearing individuals.

43. These access barriers have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits, and services of Defendant and the Website.

44. Defendant engages in acts of intentional discrimination, including but not limited to the following policies or practices:

    (a) constructing and maintaining a website that is inaccessible to deaf and hard-of-hearing Class members with knowledge of the discrimination; and/or

    (b) constructing and maintaining a website that is sufficiently intuitive and/or obviously inaccessible to deaf and hard-of hearing Class members; and/or

(c) failing to take actions to correct access barriers in the face of substantial harm and discrimination to deaf and hard-of-hearing Class members.

45. Defendant utilizes standards, criteria, and methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Violation of 42 U.S.C. §§ 12181, *et seq*. — Title III of the Americans with Disabilities Act)**

**(on behalf of Plaintiff and the Class)**

46. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

47. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

48. Defendant operates a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," and "service establishments").

49. Defendant has failed to make its videos accessible to individuals who are deaf or hard of hearing by failing to provide closed captioning for videos displayed on the Website.

50. Discrimination under Title III includes the denial of an opportunity for the person who is deaf or hard of hearing to participate in programs or services, or providing a service that is not as effective as what is provided to others. 42 U.S.C. § 12182(b)(1)(A)(I-III).

51. Discrimination specifically includes the failure to provide "effective communication" to deaf and hard-of-hearing individuals through auxiliary aids and services, such as captioning, pursuant to 42 U.S.C. § 12182(b)(1)(A)(III); 28 C.F.R. § 36.303(C).

52. Discrimination also includes the failure to maintain accessible features of facilities and equipment that are required to be readily accessible to and usable by persons with disability. 28 C.F.R §36.211.

53. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

54. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

55. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

56. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

57. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Individuals who are deaf and hard-of-hearing have been denied full and equal access to the Website, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

58. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

59. Modifying its policies, practices, and services by providing closed captions to make its videos accessible to deaf and hard-of-hearing individuals would not fundamentally alter the nature of Defendant's business, nor would it pose an undue burden to this flourishing company.

60. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed Class and Subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and/or its implementing regulations.

61. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed Class and Subclass will continue to suffer irreparable harm.

62. The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

63. Plaintiff is also entitled to reasonable attorneys' fees and costs.

64. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

**(Declaratory Relief)**
**(on behalf of Plaintiff and the Class)**

65. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

66. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying deaf and hard-of-hearing individuals the full and equal access to the goods and services of the Website, which Defendant owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.* prohibiting discrimination against the deaf and hard of hearing.

67. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

68. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*;

69. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by deaf and hard-of-hearing individuals;

70. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully functional and compliant with WCAG 2.1 A and AA Standards, so that the Website is readily accessible to and usable by deaf and hard-of-hearing individuals and other individuals with impairments, such as those who are visually impaired;

71. A declaration that Defendant owns, maintains, and/or operates the Website in a manner which discriminates against the deaf and hard of hearing, and which fails to provide access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*;

72. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

73. Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by federal law;

74. For pre- and post-judgment interest to the extent permitted by law; and

75. Such other and further relief as the Court deems just and proper.

DATED: July 23, 2019

                                              **LEE LITIGATION GROUP, PLLC**

                                 By: */s/ C.K. Lee*
                                         C.K. Lee, Esq. (#2903557)
                                         73 West Monroe Street
                                         Chicago, IL 60603
                                         Tel.: (212) 465-1180
                                         Fax: (212) 465-1181